UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NORBERT STURDEVANT,

    Petitioner,

v.                                                                                    Case No. 11-C-24

UNITED STATES OF AMERICA,

    Respondent.

**DECISION AND ORDER**

       Petitioner Norbert Sturdevant, a federal prisoner sentenced by this Court in 2008, has filed a document titled "Motion for relief of final order and judgment pursuant [to] Rule 60(b)(6) of the Federal Rules of Civil Procedure, 42 U.S.C. § 2000a-6, 28 U.S.C. § 1651 All Writs Act." The document appears to be a new petition for habeas corpus relief rather than a Rule 60 motion. In fact, the document appears to be just another in a series of ill-advised efforts to evade the rules governing post-conviction relief.

       On May 1, 2009, this Court dismissed a motion to vacate Petitioner filed (properly) under 28 U.S.C. § 2255. (Case No. 08-C-1121.) I denied a certificate of appealability because I found he had not presented a viable constitutional claim. On November 9, 2009, the court of appeals also denied his request for a certificate of appealability, thus ending his § 2255 efforts. Since then, Sturdevant has brought several civil actions that are all attempts to continue his post-conviction proceedings. In Case No. 10-C-402, he sued me in an effort to challenge my previous rulings. In Case No. 10-C-786, he then sued Judges Clevert and Stadtmueller for rulings they made. And in

Case No. 10-C-1112, filed only a month ago, he brought a petition similar to the one he now brings. He captioned that filing ""Petition for Relief Pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1651, 42 U.S.C. § 2000a-6." Judge Randa dismissed that action on the grounds that Petitioner had already brought a motion for post-conviction relief in this Court. In addition to these filings in this district, Petitioner states that he also brought a petition in the District of West Virginia.

The rules governing federal post-conviction relief are designed to allow a federal prisoner one – and only one – chance to argue to the federal courts that errors had been made in his conviction or sentence. (Such relief exists in addition to the standard appeals process, which petitioner waived in his plea agreement.) Petitioner has had that opportunity. The rules do allow second chances to bring post-conviction motions, but only under rare circumstances (e.g., newly discovered evidence), and only if the petitioner first obtained leave to file such a motion from the court of appeals. 28 U.S.C. § 2255(h). Instead of accepting these well-established rules, Petitioner has repeatedly tried to circumvent them by filing an array of documents all designed to obtain the same relief. He is hereby warned that any future filings in this district that attempt to obtain habeas relief will give rise to a monetary sanction unless he first obtains leave to file the motion from the court of appeals.

The petition is **DENIED**, the motion to proceed in forma pauperis is **DENIED**, and the motion to appoint counsel is **DENIED** as moot. The case is **DISMISSED**. A certificate of appealability is **DENIED**.

**SO ORDERED** this   11th   day of January, 2011.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge

2